IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Justin Burris, ) | C/A No.: 1:13-698-GRA-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Director, Charleston County Detention Center, ) | |
| ) | |
| Respondent. ) | |

Petitioner Shawn Justin Burris ("Petitioner") is a detainee at the Charleston County Detention Center who has filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.  Factual and Procedural Background

Petitioner indicates that after pleading guilty to the offense of receiving stolen goods in the Charleston County Court of General Sessions on November 14, 2011, he was sentenced to thirty days' incarceration, suspended upon time served. [Entry #1 at 1]. Petitioner did not file a direct appeal or post-conviction relief application challenging the conviction and sentence. *Id.* at 2–3.     He filed this habeas petition alleging, inter alia,

involuntary guilty plea, malicious prosecution, false arrest, and harassment. [Entry #1 at 3–11].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this pro se petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.     Analysis

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.*

       1.      Petitioner is not in custody pursuant to the challenged conviction

It is well-settled that an individual must be in custody to be eligible for federal habeas corpus relief. 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas*, 391 U.S. at 238; *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The instant petition indicates that, subsequent to a guilty plea on November 14, 2011, Petitioner received a thirty-day sentence, suspended upon time served. [Entry #1 at 1]. Although Petitioner is currently detained for unspecified reasons at the Charleston County Detention Center, the thirty-day sentence imposed for the November 2011 conviction had fully expired when Petitioner filed his federal habeas petition on March 10, 2013. While the "in custody" requirement has been broadened to include other types of restraint on liberty, such as probation and parole, *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012), Petitioner provides no facts in the pleading to demonstrate that he is in custody for the November 2011 conviction. Therefore, this court lacks jurisdiction over Petitioner's habeas action and the petition is subject to dismissal.

      2.      Failure to exhaust state remedies

The instant petition is also subject to summary dismissal because Petitioner has not exhausted his state court remedies. Federal law requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lawson v. Dixon*, 3 F.3d 743, 749–50 n.4 (4th Cir. 1993). The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

In the present case, Petitioner concedes that he has not filed a direct appeal or post-conviction relief application in state court for the conviction he challenges in this petition. [Entry #1 at 2–3]. To the extent Petitioner would now find his claims procedurally barred in state court, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. at 735 n.1. However, a federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750; *see also Smith v. Murray*, 477 U.S. 527, 533 (1986). The existence of cause must ordinarily turn on whether a prisoner can show some objective factor external to the defense impeded Petitioner's efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner claims that he became homeless shortly after the receiving stolen goods conviction and is currently incarcerated "with no access to legal research or material." [Entry #1 at 3, 13]. Such reasons are insufficient to demonstrate cause for Petitioner's failure to attempt exhaustion of state remedies prior to filing this case. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). Therefore, it is recommended that Petitioner's habeas action be summarily dismissed.

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 28, 2013                                      Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).