UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Justin Burris,        )<br>                             )<br>            Petitioner,     )<br>                             )<br>      v.                     )<br>                             )<br>Director, Charleston County Detention )<br>Center,                      )<br>                             )<br>            Respondent.      )<br>_____ ) | C/A No.: 1:13-cv-00698-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the court for a review of United States Magistrate Judge Shiva V. Hodges' Report and Recommendation made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C, and filed on March 28, 2013. Petitioner Shawn Justin Burris ("Petitioner"), a detainee at the Charleston County Detention Center, brought this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Magistrate Judge Hodges now recommends that the case be dismissed without prejudice. For the reasons discussed herein, the Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

### Standard of Review

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to

recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

In this case, Petitioner timely filed objections to the Report and Recommendation. ECF No. 10. Specifically, Petitioner objects to Magistrate Judge Hodges' finding that Petitioner failed to demonstrate sufficient cause for a federal court to hear his procedurally defaulted claims or show that a failure to consider the claims would result in a fundamental miscarriage of justice. However, the Court finds that his objection is without merit.

Federal law requires that a petitioner first exhaust his state court remedies before seeking habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A). While Petitioner

concedes that he did not exhaust his state court remedies, he alleges in his complaint and objections that he can demonstrate cause for this procedural default.

When a petitioner has not exhausted his state court remedies, habeas relief "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In his objections, Petitioner mostly restates his complaint in attempting to show cause. Petitioner alleges that the Charleston County Detention Center has denied him "access to legal research and legal forms" to appeal his conviction and limited the amount of mail inmates are allowed to send. ECF No. 10. Additionally, Petitioner states that he has reached out to several officials, including the Public Defender's office, to try to obtain legal forms, but has been unsuccessful. *Id.* However, the Court finds that such reasons are insufficient to demonstrate cause for Petitioner's failure to attempt exhaustion of state remedies prior to filing his § 2254 Petition. The Court is also unconvinced from Petitioner's mere conclusory assertion of innocence that failing to consider his claims will result in a fundamental miscarriage of justice.

Moreover, even if Petitioner's claims were not procedurally barred for his failure to exhaust his state remedies, Petitioner would still be ineligible for federal habeas corpus relief. As stated by Magistrate Judge Hodges, an individual must be in custody for federal habeas corpus relief. 28 U.S.C. § 2254(a). While Petitioner is currently detained at the Charleston County Detention Center for unspecified reasons, Petitioner provides no facts in his pleading to demonstrate that he is in

custody for the November 2011 conviction for which he received only a thirty-day sentence.  *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner does not meet the "in custody" requirement for a conviction after the sentence imposed for it has fully expired).  Thus, § 2254 provides Petitioner no relief.

After a thorough review of the record, the Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound principles to the facts of this case.  Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that this case is DISMISSED without prejudice. The Court declines to issue a certificate of appealability in this matter.[1]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April  9 , 2013
Anderson, South Carolina

---

[1] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability.  *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255.  The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2),  see *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").